THE STATE OF NEW JERSEY, PLAINTIFF IN ERROR, v. CHESTER A. LOVELL, DEFENDANT IN ERROR.

Submitted July 6, 1915—Decided November 15, 1915.

It is the right and duty of a trial judge in a criminal case to comment upon the evidence in the charge to the jury, but he cannot in the charge import into the case a fact of importance clearly connected with the merits, when such fact has neither testimony nor color of testimony to support it.

In error to the Supreme Court, whose opinion is reported in 86 *N. J. L.* 509.

For the plaintiff in error, *Frederick F. Guild,* prosecutor, and *Wilbur A. Mott,* assistant prosecutor.

For the defendant in error, *Joseph Coult, Jr.*

The opinion of the court was delivered by

BLACK, J.   The record in this case brings under review the indictment and conviction of Chester A. Lovell, the defendant, in the Court of General Quarter Sessions of Essex County, for involuntary manslaughter.

When the state rested its case, a motion was made for the direction of a verdict of not guilty, which was refused by the trial court.  At the end of the trial, a general exception to the charge of the court was made and allowed by the court.

A writ of error was sued out of the Supreme Court by the defendant in error, and that court ordered a reversal of the conviction.  Thereupon the state sued out a writ of error from this court to review the judgment of reversal by the Supreme Court.  The only point brought under review is the legality of the charge to the jury by the trial court, which the Supreme Court held to be error, basing its ruling upon this passage in the charge, viz.:

"The state, in support of the indictment, has presented here some evidence which tends to show that it (the car) * * * struck this defendant, and went on up to the end of the route, and the body was taken off the fender, the car was switched on the south track," &c.

The Supreme Court, as a basis of judicial action, determined that the above passage from the charge of the trial court, in the respect referred to, imported into the case an extraneous element, improper for the jury to consider, as a fact in the case, and for that reason ordered a reversal of the conviction.

In this we think the Supreme Court was in error.   The record shows testimony which justified the trial court in

making the comments above quoted. It was permissible, under the testimony in this case, for the jury to draw such an inference as was pointed out by the trial court. Whether such inference should be drawn was left to the jury.

It is the accepted rule of law in this state, applied to the trial of cases with a jury, and so declared by this court, that it is the right and duty of a trial judge to comment upon the evidence in the charge to the jury. *State* v. *Hummer,* 73 *N. J. L.* 714; *Bruch* v. *Carter,* 32 *Id.* 554; *Engle* v. *State,* 50 *Id.* 272.

This rule, however, is clearly distinguished from the equally well-accepted rule, that it is error in law for a judge in a criminal case to state in the charge a fact of the utmost importance (clearly connected with the merits to be in proof), when such fact has neither testimony nor the color of testimony to support it. *Smith* v. *State,* 41 *N. J. L.* 370; *State* v. *Diamond,* 84 *Id.* 17.

This court has also held that a misstatement of fact in the instructions by the trial court, not in any way binding on the jury, cannot for the first time be objected to in the Supreme Court. *State* v. *Kroll,* 87 *N. J. L.* 330. In fairness to the court, and in justice to the accused, any alleged misstatement of fact by the trial court in the charge should be called to the attention of the court at the trial.

The judgment of the Supreme Court, reversing the conviction in this case, is therefore reversed, and the judgment of conviction of the Essex County Quarter Sessions is affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.